# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

AARON DESHON SPEARS,

    Petitioner,

v.

J.V. FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-2

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Aaron Deshon Spears ("Spears"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss. (Doc. 12.) Spears filed a Response to this Motion. (Doc. 15.) For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Spears' Section 2241 Petition, **CLOSE** this case, and **DENY** Spears *in forma pauperis* status on appeal. Spears also filed a Motion to Expedite Proceedings, (doc. 16), which is **DISMISSED** as moot.

## BACKGROUND

Spears was convicted in the Middle District of Florida, after entry of a guilty plea, of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 12-1, p. 5.) Based upon his prior convictions for two robberies with a deadly weapon and the sale or delivery of cocaine, Spears was classified as an armed career criminal under 18

U.S.C. § 924(e) (the Armed Career Criminal Act, or "ACCA").[1]  (Doc. 14, p. 6.)  Spears was sentenced to 200 months' imprisonment. (Doc 12-5, p. 3.)

Spears filed a direct appeal, arguing that the district court erred in classifying him as an armed career criminal.  According to Spears, his two robbery convictions were not "committed on occasions different from one another," 18 U.S.C. § 924(e), and thus should have counted as one, not two, ACCA predicates.  (Doc. 12-6, p. 4.)  The Eleventh Circuit rejected Spears' arguments and affirmed his conviction, finding, *inter alia*, that his acts constituted two separate robberies.  (Id. at 4.)  That decision was entered on March 30, 2006, (id. at p. 1), and Spears' petition for writ of certiorari was denied by the Supreme Court in October 2006.

On October 3, 2007, Spears filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Middle District of Florida.  (Doc. 12-7.)  Among Spears' many assertions was that the sentencing court violated the principle espoused in Shepard v. United States, 544 U.S. 13 (2005), in which the United States Supreme Court held that a sentencing court may not depend upon police reports to determine whether a prior conviction qualifies as a predicate offense under the ACCA.  Accordingly, Spears argued that, by examining police reports to determine if his two robbery convictions were separate and distinct offenses, the sentencing court improperly concluded that he qualified for a sentence enhancement under the ACCA.  In addition, Spears argued that his appellate counsel provided ineffective assistance by refusing to file for a rehearing regarding the Shepard issue.  (Doc. 12-8, pp. 10–11.)  In denying Spears' motion, the Middle District of Florida determined that the Eleventh Circuit had

---

[1] Under the ACCA, a defendant who is convicted under 18 U.S.C. § 922(g) is subject to a 15-year mandatory-minimum prison sentence if he has three prior convictions for "serious drug offenses" or "violent felonies" committed on separate occasions.  18 U.S.C. § 924(e)(1); see also United States v. Samuel, 580 F. App'x 836, 841 (11th Cir. 2014). Without Section 924(e)'s enhancement, Spears would have been subject to a maximum term of ten years in prison.  See Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1285 (11th Cir. 2013) (recognizing that "[s]ection 924(a)(2) states that the maximum sentence for a violation of § 922(g) is 10 years.").

2

previously resolved Spears' Shepard claims against him on direct appeal and that these claims could not be re-litigated under Section 2255. (Id. at pp. 16–17.) After finding that Spears' Shepard argument had no merit, the district court also rejected his ineffective assistance of counsel claim and denied Spears a certificate of appealabilty. (Id.)

On July 15, 2010, the Middle District of Florida reconsidered its denial of Spears' Section 2255 motion, (doc. 12-11), following his citation of United States v. Sneed, 600 F.3d 1326 (11th Cir. 2010), in which the Eleventh Circuit held that courts could not consider police reports in determining whether a defendant's prior felony convictions were committed on separate occasions. Relying upon Sneed, Spears re-asserted his claim that the sentencing court erred in using police reports to determine whether predicate offenses under § 924(e)(1) were committed on occasions different from one another. (Id. at p. 2.) Ultimately, the district court concluded that Spears' motion to reconsider constituted a successive Section 2255 motion for which permission was required from the Eleventh Circuit. (Doc. 12-12, p. 4.) The Eleventh Circuit agreed and denied Spears a certificate of appealability. (Doc 12-13.)

Following his Section 2255 motion, Spears filed multiple Section 2241 petitions. On September 23, 2010, he filed a Section 2241 petition in the Middle District of Florida in which he claimed he was actually innocent of the ACCA enhancement and again argued that the district court committed a Shepard violation and that his trial and appellate counsel rendered ineffective assistance in connection therewith. (Doc. 12-14.) The district court concluded that Spears "failed to demonstrate that the § 2255 motion was inadequate or ineffective and has failed to establish actual innocence to assert a § 2241 claim under the savings clause" and dismissed the petition for lack of jurisdiction. (Doc. 12-16, pp. 5–6.)

On February 4, 2011, Spears filed another Section 2241 petition in the Middle District of Florida, claiming that his claims pursuant to <u>Shepard</u> and <u>Sneed</u> satisfied the "savings clause" test for relief under Section 2241. (Doc. 12-17, p. 13.) The district court again dismissed Spears's petition, finding that he failed to qualify for "savings clause" relief. (Doc. 12-18, pp. 3–4.)

On August 12, 2011, Spears filed yet another Section 2241 petition in the Middle District of Florida. (Doc. 12-19.) Spears claimed that the Eleventh Circuit direct appeal panel erred in resolving his claims, in light of <u>Shepard</u>. (<u>Id.</u> at pp. 10–12.) The district court ultimately denied Spears' petition as an abuse of the writ of habeas corpus and barred by principles of res judicata. (Doc. 12-20, pp. 12–13.) The district court further found that, even assuming that Spears could properly bring his claims, those claims did not qualify for "savings clause" relief under Section 2241. (<u>Id.</u> at pp. 15–16.) Spears appealed the district court's decision, and in August 2015, the Eleventh Circuit agreed that Spears was not entitled to proceed under Section 2241 for any of his <u>Shepard</u>- or <u>Sneed</u>-based claims. (Doc. 12-21, p. 5.)

DISCUSSION

In his instant Petition, filed on January 5, 2016, Spears avers that the Eleventh Circuit erred in affirming his sentence and contends that he is actually innocent of his armed career criminal enhancement. To support this contention, Spears reframes the arguments he presented in the prior Section 2255 motions and Section 2241 petitions discussed above. (Doc. 1, pp. 10–12.) First, construing his argument as an Equal Protection violation, Spears contends that <u>Shepard</u> applies retroactively to his claim and that the Eleventh Circuit has discriminated against him by retroactively applying <u>Shepard</u> to some individuals' habeas petitions, but not his own. (<u>Id.</u> at pp. 13–14.) Next, Spears contends that, by dismissing his multiple Section 2255 motions

and 2241 petitions for lack of jurisdiction, the courts have violated his purported rights under the suspension clause of the United States Constitution. (Id. at pp. 14–16.) Finally, Spears argues that his appellate counsel provided ineffective assistance of counsel. (Id. at p. 16.)

Respondent asserts Spears cannot proceed on the merits of his Section 2241 Petition because he fails to satisfy 28 U.S.C. § 2255's savings clause. Respondent maintains Spears does nothing more than present a litany of errors which he has pursued unsuccessfully on prior occasions. (Doc. 12, p. 1.)

In response, Spears stipulates that he does not contest the validity of his sentence. He contends that, therefore, he need not show that he satisfies the savings clause. (Doc. 15, p. 2; Doc. 16, p. 1.) Spears reiterates throughout his Response that he does not request that the Court vacate his conviction or sentence, but requests only that Shepard be properly applied to his case through a new direct review proceeding. (Doc. 15, p. 2.) Accordingly, Spears maintains that he may properly proceed with his claims via Section 2241, regardless of whether his claims satisfy the savings clause. (Id. at p. 1.)

## I. Whether Spears Can Proceed Pursuant to Section 2241

The Court notes Spears' contention that he does not contest the validity of his sentence and, therefore, should not be subject to the strictures of the savings clause. However, the substance of Spears' arguments reveals that Spears challenges the validity of the sentence imposed upon him, as opposed to the execution of his sentence or the nature of his confinement.[2]

---

[2] The Court also notes Spears' contention that he need not satisfy the savings clause because he challenges an action taken *after* his sentencing hearing—specifically, the decision of his direct review panel regarding his two predicate robbery convictions. However, the temporal posture of the proceeding which Spears challenges does not change the nature of his challenge. Because he alleges that his sentence has been unconstitutionally imposed, Spears effectively challenges the validity of that sentence and, therefore, must satisfy the savings clause in order to proceed via Section 2241.

5

Section 2241 habeas corpus petitions "'are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement.'" Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (quoting Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1288 (11th Cir. 2013) (emphasis omitted)). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). However, a petitioner, such as Spears, who has already brought a petition under Section 2255, must obtain certification from the Court of Appeals before bringing a second or successive Section 2255 petition. 28 U.S.C. § 2255(h).

Rather than seeking permission to file a second 2255 motion from the Eleventh Circuit Court of Appeals, Spears filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014). Although 28 U.S.C. § 2255(e) expressly limits the circumstances under which a Section 2241 petition may be filed, Spears originally asserted that he properly filed this motion under Section 2241 pursuant Section 2255(e)'s savings clause. (Doc. 1, p. 3.) Specifically, Spears argues that, due to the Supreme Court's decision in Johnson, his prior convictions no longer qualify as predicate convictions under the ACCA. (Id. at p. 3–6.)

Under Section 2255(e)'s "savings clause," a prisoner may file a Section 2241 petition if an otherwise available remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. Specifically, Section 2255(e) provides:

6

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S. C. § 2255(e) (emphasis added). The above-emphasized portion of Section 2255(e) is referred to as the "savings clause."

In Bryant, the Eleventh Circuit articulated the requirements a petitioner must meet in order to proceed under the savings clause with a Section 2241 petition that raises sentencing claims. 738 F.3d 1253. The petitioner must establish that: (1) binding circuit precedent squarely foreclosed the claim "throughout his sentence, direct appeal, and first § 2255 proceeding"; (2) "subsequent to his first 2255 proceeding," a Supreme Court decision overturned that circuit precedent; (3) the rule announced in that Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule, the petitioner's current sentence exceeds the statutory maximum penalty authorized by Congress; and (5) the savings clause reaches the petitioner's claim. Bryant, 738 F.3d at 1274 (synthesizing the savings clause tests discussed in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011); and Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)); see also Jeanty v. Warden, 757 F.3d 1283, 1285 (11th Cir. 2014); Mackey v. Warden, FCC Coleman, 739 F.3d 657, 661–62 (11th Cir. 2014) (approving the Bryant test factors and concluding that petitioner had satisfied all prongs thereof).

A petitioner must satisfy all five of these requirements to obtain relief. Bryant, 738 F.3d at 1274. This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's Section 2241 claims. Williams, 713 F.3d at 1338. Moreover, "[t]he petitioner bears the burden of coming forward with evidence

affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

Spears previously brought multiple Section 2255 motions in the district of his conviction, raising similar issues in those motions as he does in the instant Petition. Spears' Section 2255 motions were denied as claims without merit, and he fails to cite any Eleventh Circuit precedent which foreclosed his claims on these previous occasions. The mere fact that a Section 2255 motion is procedurally barred by Section 2255's statute of limitations or restriction on second or successive motions does not make that Section's remedy inadequate or ineffective. See Jones v. Warden, FCC Coleman, Medium, 520 F. App'x 942, 945 (11th Cir. 2013). Though Spears states he is proceeding under Section 2241, it is evident he is attempting to bring a second or successive Section 2255 motion pursuant to Section 2255(h), which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Spears has not obtained certification to file a second or successive Section 2255 petition from the Court of Appeal. Moreover, he fails to set forth any newly discovered evidence which establishes his innocence or any retroactively applicable Supreme Court decision which was

previously unavailable to him; thus, Spears does not fulfill the first condition to invoke the savings clause or to proceed under Section 2255(h).

Spears does not satisfy the savings clause of Section 2255(e), and the Court need not address the relative merits of his Section 2241 petition. Because Spears has not satisfied the requirements of the savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).

For these reasons, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS** Spears' Petition for Writ of Habeas Corpus, which he filed pursuant to 28 U.S.C. § 2241.

## II. Leave to Appeal *In Forma Pauperis*

The Court should also deny Spears leave to appeal *in forma pauperis*. Though Spears has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or

fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Spears's Petition and the Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Spears' Section 2241 Petition, **CLOSE** this case, and **DENY** Spears *in forma pauperis* status on appeal. Spears also filed a Motion to Expedite Proceedings, (doc. 16), which the Court **DISMISSES** as moot.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Spears and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of May, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA