# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

| | | |
|---|---|---|
| AARON DESHON SPEARS, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: 2:16-cv-2 |
| | * | |
| v. | * | |
| | * | |
| J.V. FLOURNOY, | * | |
| | * | |
| Respondent. | * | |

## ORDER

Presently before the Court is Plaintiff Aaron DeShon Spears' ("Spears") Motion for Reconsideration of the undersigned's Order dated July 8, 2016, dkt. no. 23. For the reasons set forth below, the Court **DENIES** Spears' Motion. Dkt. No. 24.

## BACKGROUND

In its July 8, 2016, Order, the Court adopted the recommendation of the Magistrate Judge, over Spears' Objections, and dismissed his Petition brought pursuant to 28 U.S.C. § 2241. The Court rejected Plaintiff's argument that he did not contest the validity of his sentence and, therefore, could properly proceed under Section 2241.[1] Dkt. No. 23, p. 1.

---

[1] Specifically, Spears contended in his Objection that his direct review panel on appeal committed errors during its review of his conviction and sentence. Spears disputed the Magistrate Judge's conclusion that Spears' arguments pertained to the "validity" of his sentence, as opposed to the

In his instant Motion, Spears first argues that both the Magistrate Judge and the undersigned misconstrued the equal protection argument raised in his Petition. Dkt. No. 24, p. 2. Next, Spears argues that the Magistrate Judge and the undersigned failed to address an argument raised in his Petition, in violation of Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992).

**DISCUSSION**

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the

---

"execution" of his sentence because, according to Spears, "[t]he [Eleventh Circuit Court of Appeals] Direct Review Panel's action in authorizing the mandate in [his] case is 'executing' the sentence." (Doc. 21, p. 4.)

entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

Spears does not seek reconsideration of this Court's July 8, 2016, Order based on newly discovered evidence or an intervening development or change in controlling law. Instead, the basis for Spears' Motion is that there is a need to correct a clear error of law or fact. In his Motion, Spears essentially argues that the Magistrate Judge and undersigned committed a clear error of law in failing to consider the substantive arguments contained within his Petition. In support of this argument, Spears cites Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992). He contends that, because the Court allegedly misconstrued his equal protection argument and failed to consider his other substantive arguments, his Motion should be granted and his Section 2241 Petition should proceed on its merits.

As stated above, "[a]n error is not 'clear and obvious' if the legal issues are 'at least arguable.'" Battle, 272 F. Supp. 2d at 1358. Spears presents the Court with no such argument supported by the law or facts. Because Spears' Section 2241 Petition challenges the validity, as opposed to the execution,[2]

---

[2] Courts have recognized that "the precise meaning of the term 'execution of the sentence' is hazy," Woodall v. Fed. Bureau of Prisons, 432 F. 3d 235, 242 (3d Cir. 2005). Nonetheless, Spears' petition falls far outside of that

of his sentence, he may not proceed via Section 2241 without first satisfying Section 2255(e)'s savings clause. As discussed at length in the Magistrate Judge's Report and Recommendation, Spears has failed to do so. Consequently, the Court **DENIES** Spears' Motion for Reconsideration.

## CONCLUSION

For all of the above stated reasons as well as those included in the Court's prior Orders, the Court **DENIES** Spears' Motion for Reconsideration. The Court's Order dated **July 8, 2016**, remains the Order of the Court, and this case shall remain **CLOSED**.

**SO ORDERED**, this 16 day of August, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

definition. Examples of challenges to the "execution" of a petitioner's sentence include "challenges to administrative orders revoking good-time credits, computation of a prisoner's sentence by prison officials, a right to release on parole, or other equivalent sentence-shortening devices." Federal Habeas Manuel § 1:29 (2016). Conversely, as the Eleventh Circuit noted in Reed v. Cheatman, 601 F. App'x 854, 858 (11th Cir. 2015), when a petitioner's "quarrel is with the sentencing court rather than the Bureau of Prisons," that challenge addresses the validity of a petitioner's sentence—not the execution of his sentence. In Reed, the Court noted that petitioner's challenge addressed the validity of his sentence because "[i]t was the district court, not the BOP, which imposed a . . . 420-month term of imprisonment [on petitioner]." Similarly, Spears' contention that the Eleventh Circuit Court of Appeals violated his rights by upholding his sentence clearly addresses the validity of his sentence.